**Xue Yue YANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,[1] Respondent.**

**No. 03–4048–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Karen Jaffe, New York, New York, for Petitioner.

Margaret M. Chiara, United States Attorney; Charles R. Gross, Assistant United States Attorney, Grand Rapids, Michigan, for Respondent.

Present: Hon. John M. WALKER, Jr., Chief Judge, Hon. Ralph K. WINTER, and Hon. Robert D. SACK, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is GRANTED and the case REMANDED to the BIA for further proceedings in accordance with this order.

Petitioner Xue Yue Yang petitions for review of the December 2002 order of the BIA affirming without opinion the decision of the Immigration Judge ("IJ") denying her application for asylum, withholding of

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

removal, and protection under the Convention Against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is presumed.

As a preliminary matter, Yang has waived review of the denial of her CAT claim by failing to discuss this claim in her brief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005). Accordingly, only her asylum and withholding of removal claims will be discussed here.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

In this case, the IJ did not make an explicit finding that Yang's testimony lacked credibility. The IJ found that Yang's testimony was consistent with her application, but uncorroborated. Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *See Diallo,* 232 F.3d at 287. To deny an asylum claim for lack of sufficient corroboration, the court must (a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available to the petitioner. *See Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003) (citing *Diallo,* 232 F.3d at 285–90).

Here, the IJ specifically cited Yang's husband's failure to testify and her lack of rebuttal to the State Department's country profile of China. This Court has cautioned IJs to "be careful not to place excessive reliance on published reports of the Department of State," pointing out that such reports are not binding and "do not automatically discredit contrary evidence presented by the applicant" for asylum. *Chen v. United States Immigration and Naturalization Service,* 359 F.3d 121, 130–31 (2d Cir.2004). More recently, this Court has relied on *Chen* to instruct that an IJ should have given an explanation for crediting the country profile over the applicant's testimony. *Lin v. United States Dep't of Justice,* 428 F.3d 391, 403–04 (2d Cir.2005) (not yet published, text available), *citing Gui Cun Liu v. Ashcroft,* 372 F.3d 529, 532 (3d Cir.2004). Here, the IJ found that Yang's application was undermined by her failure to rebut two specific points from the State Department report. However, the IJ did not specify what nature of corroboration she expected, or how Yang could have been expected to produce such evidence. With respect to the failure of Yang's husband to testify, the IJ did not indicate what information he was expected to provide, or why Yang's waiver of direct examination undermined her application. Accordingly, it is unclear why his failure to testify resulted in the IJ's denial of the application.

Yang presented several documents which did corroborate her application, which the IJ rejected, without elaboration, by noting that "most" of the official documents presented by Yang in support of her petition had not been authenticated. This Court recently agreed with the holding of the Third Circuit that 8 C.F.R. § 278.6 is not the only means of authenticating documents submitted to the IJ "in part, because 'asylum applicants can not always reasonably be expected to have an authenticated document from an alleged persecutor.'" *Lin v. United States Dep't of Justice, supra,* at 404–05. Thus, this Court found that the IJ erred in rejecting an asylum applicant's birth certificate for failure to authenticate it pursuant to the regulation. *See id.* In this case, the IJ did not identify the documents that she believed

were unauthenticated, nor is it clear what she believed was required to authenticate the documents. Thus, remand is appropriate on the issue of authentication as well as that of corroboration.

For the foregoing reasons, the petition for review is GRANTED and the case REMANDED. The BIA is instructed, upon remand, to determine whether to remand to the IJ for explicit findings with respect to: (1) credibility; (2) what, if any, corroborative evidence is necessary to support Yang's application; and (3) what authentication, if any, is required of such corroborative evidence.